IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CR-4-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>JAMES CALVIN BROOKS, )<br>)<br>Defendant. ) | **ORDER** |

On March 17, 2022, James Calvin Brooks ("Brooks" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 41]. On April 18, 2022, Brooks, through counsel, filed a memorandum in support [D.E. 47]. On May 2, 2022, the United States responded in opposition [D.E. 49]. On May 6, 2022, Brooks replied [D.E. 52]. As explained below, the court denies Brooks's motion.

I.

On June 16, 2017, pursuant to a written plea agreement, Brooks pleaded guilty to distribution of a quantity of cocaine base ("crack"). See [D.E. 22, 23]. On November 29, 2017, the court held Brooks's sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR"), and resolved Brooks's objections to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 29]; [D.E. 34]. The court calculated Brooks's total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See PSR ¶¶ 49, 80, 82. After granting the government's downward departure motion and considering the

arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Brooks to 150 months' imprisonment. See [D.E. 34–35]. Brooks did not appeal.

On March 17, 2022, Brooks moved for compassionate release. See [D.E. 41]. The United States opposes the motion. See [D.E. 49].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

2

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's

3

minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Brooks applied to the warden for compassionate release and received a denial on February 11, 2022. See [D.E. 41-1]. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 49] 3. Therefore, the court addresses Brooks's motion on the merits. See Muhammad, 16 F.4th at 130.

Brooks seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (severe obesity, asthma, hypertension, prediabetes, and depression), his rehabilitation efforts, and his release plan. See [D.E. 47] 6–16, 19, 22.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Brooks is obese and has asthma, hypertension, prediabetes, and depression and argues that these medical conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 47] 6–19. Other than the risk from COVID-19, Brooks does not argue that the BOP is not providing needed treatment for his medical conditions or that he is unable to manage his medical conditions while incarcerated. See id.; [D.E. 44]. And Brooks has received two doses of the COVID-19 vaccine. See [D.E. 47] 16–17; [D.E. 44] 106. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022)

4

(unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Brooks from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Brooks's sentence because of his risk factors and the

general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Brooks's medical conditions, his rehabilitation efforts, and his release plan together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Brooks's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Brooks is 47 years old and is incarcerated for distributing cocaine base ("crack"). See PSR ¶¶ 7–11. Brooks distributed 702 grams of cocaine base ("crack") between January 24, 2014, and August 12, 2016. See id. Brooks's criminal conduct was nothing new. Brooks's criminal history includes eleven felony convictions and twenty-two misdemeanor convictions. See id. at ¶¶ 15–46. These convictions include, but are not limited to, common law robbery, possession with intent to manufacture, sell, and deliver a schedule VI controlled substance, possession with intent to sell and deliver cocaine (three counts), sell and deliver cocaine, habitual felon, attempting to possess a firearm by a felon, assault on a female, and possession of marijuana (five counts). See id.

Brooks has made some positive efforts while federally incarcerated. He has enrolled in a GED program and completed several educational courses, including drug education courses. See [D.E. 47-1]. But he has incurred infractions for possessing gambling paraphernalia in 2019 and possessing an unauthorized item in 2018. See [D.E. 49-1] 2.

6

The court must balance Brooks's mixed efforts while federally incarcerated with his serious criminal conduct, his serious and violent criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Brooks's potential exposure to COVID-19, his medical conditions, his rehabilitative efforts, and his release plan. Brooks's release plan includes living with his wife in Denver, Colorado or with his sister in Camden, New Jersey, obtaining a job, qualifying for Medicaid, and being on federal supervision. See [D.E. 41] 19; [D.E. 47] 21–22. The court recognizes Brooks has supportive family and friends. See [D.E. 41] 19; [D.E. 47] 21–22. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Brooks's arguments, the government's persuasive response, the need to punish Brooks for his serious criminal behavior, to incapacitate Brooks, to promote respect for the law, to deter others, and to protect society, the court denies Brooks's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 41].

SO ORDERED. This 8 day of September, 2022.

JAMES C. DEVER III
United States District Judge